LORENZO PALIOTTA *vs.* ROCCO CELLETTI *et al.*

JANUARY 11, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass and ejectment which was tried before a justice of the superior court sitting with a jury and resulted in a directed verdict for the plaintiff. The case is here on defendants' exception to that ruling and to other rulings made by the trial justice during the trial.

The undisputed facts are as follows: Defendant Mary Celletti purchased the premises in question subject to an existing mortgage in favor of the Old Colony Cooperative Bank in Providence, hereinafter referred to as the bank. On April 23, 1938, the grantee made a second mortgage of the premises to Mary Paliotta. Defendant Rocco Celletti, husband of the grantee, joined in this mortgage deed. On August 16, 1939, the mortgagee under this mortgage sold the mortgagor's equity of redemption at public sale to her husband Lorenzo Paliotta, the plaintiff herein. Plaintiff, however, did not receive a mortgagee's deed until December 9, 1940. In the meantime the defendant Mary Celletti, who knew that the sale had been held and that the plaintiff had purchased the mortgaged premises, remained in possession. On May 20, 1940, she was served with the writ of trespass and ejectment, dated the same day, by which the present action was commenced. This writ was entered in court on May 29, 1940.

There is a clear conflict in the evidence as to the status of Mary Celletti while in possession of the premises after the mortgagee's sale. Plaintiff testified that she was his tenant and that she had agreed to pay him a monthly rent of $25. Defendant Mary Celletti testified that she had talked to the plaintiff after the sale and that she had asked him: "What am I going to do? I just want to know where I stand"; and that he replied: "Well, the property was sold. Who bought, I don't know." To this she said: "Well, am I supposed to know?" And he answered: "You are still the owner yet."

She testified further that as a result of this conversation she made monthly payments to the bank on the first mortgage and also to the plaintiff, on the understanding that she was still the owner. Her loan account book with the bank, which is in evidence, shows that she made monthly pay-

ments of $9 on September 2, September 30, and on October 28, 1939. During each of these months she testified she also paid to the plaintiff $16. She made no payments after October. One reason that she gave for not doing so was that there was sickness in her family; at another point in her cross-examination she said she did not know where she stood as the owner of the premises.

The plaintiff contends that these payments totalling $25 each month were payments of rent. Defendant Mary Celletti contends that they were payments which she had been making as mortgagor to the bank and to the plaintiff; that they were not rent; and that, at the time she made such payments, she claimed to be the owner of the mortgaged premises as a result of her conversation with the plaintiff after the mortgagee's sale. It appears from the evidence that during this period the plaintiff had not received a deed from the mortgagee; that the premises continued of record in the name of Mary Celletti; and that the city taxes thereon were assessed to her as the record owner. At the trial on December 10, 1940, it appeared that the plaintiff had not even then recorded the mortgagee's deed which he had received on December 9, 1940.

Under all the evidence and the reasonable inferences to be drawn therefrom most favorably to the defendants, as must be done on the consideration of plaintiff's motion for a directed verdict, we are of the opinion that the trial justice erred in granting plaintiff's motion.

Defendants excepted to the admission of mortgagee's deed dated December 9, 1940 to prove their title. We are of the opinion that such deed was inadmissible, but for a different reason from that advanced by the defendants. This deed was irrelevant and immaterial, unless accompanied by proof that its delivery was not as of its date but as of a date at or prior to the commencement of the present action. In an action of trespass and ejectment title must be shown in the one claiming it at or before the commencement of the action. *Fitzpatrick* v. *Fitzpatrick,* 6 R. I. 64. Ejectment only lies

where the ejector possesses the legal title. *Mailloux* v. *Jordan,* 50 R. I. 183. Title by deed passes only by delivery of the deed. *Januskewicz* v. *Kowal,* 47 R. I. 348. In the absence of proof to the contrary, delivery of a deed is presumed to have been on the date of the deed. Plaintiff in the instant case could not, by his mortgagee's deed dated and acknowledged on December 9, 1940, show title in himself at the commencement of his action in May of the same year. And it has been held that a sale at auction of mortgaged real estate, without delivery of a deed, does not vest the legal title in the purchaser. *Tripp* v. *Ide,* 3 R. I. 51. See also *Connell* v. *Savings Bank of Newport,* 47 R. I. 60.

Plaintiff in the instant case claimed to be the owner of the mortgaged premises by reason of the acceptance of his bid at the sale on August 16, 1939. Whether for some purposes he became such owner on that date, we need not inquire, since there can be no question that the legal title to the mortgaged real estate, which is necessary to support an action of trespass and ejectment, did not vest in him until delivery of the mortgagee's deed. *Johnson* v. *Johnson,* 24 R. I. 571. If we exclude the mortgagee's deed of December 9, 1940, there is no proof of any delivery of a deed to the plaintiff to vest in him the title which he claims to have purchased at the sale. And if such deed is not excluded, it proves title in the plaintiff only as of its date, and is irrelevant and immaterial to prove title in him at or before the commencement of his action in May 1940. As the deed was offered unaccompanied by any evidence of delivery at or before such time, the trial justice erred in admitting it as evidence of title in the plaintiff sufficient to maintain his suit.

Defendants' exception to its admission and their exception to the direction of a verdict for the plaintiff are therefore sustained. Ordinarily the sustaining of these exceptions would result only in our ordering a new trial, but since on our view of the evidence the plaintiff has clearly failed to prove title in himself at or before the commencement of his

suit, we feel constrained to order judgment for the defendants.

The plaintiff, if he shall see fit, may appear on January 18, 1943, and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendants.